**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SAMPSON, | |
| Plaintiff, | Civil Action No. 14-5983 (ES) |
| v. | MEMORANDUM AND ORDER |
| BERGEN COUNTY PROSECUTOR'S OFFICE, et al., | |
| Defendants. | |

SALAS, DISTRICT JUDGE

      Plaintiff Michael Sampson, a prisoner currently confined at Bergen County Jail in Hackensack, New Jersey, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.[1] The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

      Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C.

---

[1] Michael Sampson, a prisoner; Jacqueline M. Pierro, his wife; Michael A. Sampson, Jr., his son; and Ariana Sampson, his daughter, are all named as plaintiffs in the caption of the complaint. (D.E. No. 1, Compl. at 1, 24-25). However, only Michael Sampson signed the complaint, (*id.* at 25), and none of the plaintiffs submitted an application to proceed *in forma pauperis*.

1

§ 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will instead be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows: in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(1)-(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee and, that even if the full filing fee or any part of it has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If a prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not alleged that he is in imminent danger of serious physical injury.

In this action, Plaintiff Sampson failed to submit a complete *in forma pauperis* application, as required by 28 U.S.C. § 1915(a). In fact, Plaintiff Sampson did not submit an application at all.

As to the other "plaintiffs" listed in the caption, none of them signed the complaint. Federal Rule of Civil Procedure 11(a) requires that every pleading "be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Furthermore, Rule 11(a) provides that the "court must strike an unsigned paper" unless the party promptly rectifies the omission. *Id.* Therefore, if Ms. Pierro wishes to proceed with the complaint with Plaintiff Sampson, she and Sampson must submit an amended complaint with both of their signatures.

In addition, where multiple plaintiffs seek to proceed *in forma pauperis*, all plaintiffs must establish their inability to pay the filing fee. *See Anderson v. California*, No. 10-2216, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010); *Darden v. Indymac Bancorp, Inc.*, No. 09-2970, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009). If Ms. Pierro wishes to proceed with this action, she must also submit a complete, separate *in forma pauperis* application.

Finally, Michael Sampson purports to appear here as a representative of his minor children, Michael A. Sampson, Jr. and Ariana Sampson. However, a parent who is not an attorney is not entitled to represent his child in a federal court civil rights action. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). Accordingly, all claims asserted on behalf of Michael A. Sampson, Jr. and Ariana Sampson will be dismissed without prejudice.

THEREFORE, it is on this __29th__ day of __October__, 2014;

ORDERED that Plaintiff Sampson's implied request to proceed *in forma pauperis* is hereby DENIED, without prejudice; and it is further

3

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations and that, if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ." (internal quotation marks omitted)); and it is further

ORDERED that the Clerk of the Court shall send Plaintiff Sampson the form entitled Affidavit of Poverty and Account Certification (Civil Rights) (DNJ ProSe 007 A (Rev. 5/13)) to be used by him in any future application to proceed *in forma pauperis*; and it is further

ORDERED that if Plaintiff Sampson wishes to reopen this case, he shall so notify the Court in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, N.J. 07101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either: (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, or (2) the $400 fee, including the $350 filing fee plus the $50 administrative fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

ORDERED that if Ms. Pierro wishes to proceed with this civil action with Plaintiff Sampson, the parties must submit an amended complaint bearing both of their signatures; Ms.

Pierro must also provide the Court with contact information and submit a separate, complete *in forma pauperis* application; and it is further

ORDERED that all claims asserted on behalf of Plaintiffs Michael A. Sampson, Jr. and Ariana Sampson will be dismissed without prejudice; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff Sampson by regular U.S. mail.

_____
Esther Salas, U.S.D.J.